## Case No. 7,244.
### JAYCOX v. GREEN.

---

## Case No. 7,245.
### The JAY GOULD.
[7 Ben. 566.] [1]

District Court, S. D. New York. Jan., 1875.

R. D. Benedict, for libellants.
W. R. Beebe, for claimants.

[1] [Reported by Robert D. Benedict, Esq.. and B. Lincoln Benedict, Esq., and here reprinted by permission.]

BLATCHFORD, District Judge. The libellants, as owners of the three-masted schooner Sarah J. Fort, bring this suit against the ferry-boat Jay Gould, to recover for the damages sustained by them, by means of a collision which occurred between the two vessels, on the 28th of May, 1873, shortly after three o'clock p. m., in the Hudson river, off the city of New York. The schooner was bound up the river, and so was the ferry-boat, the latter being on a trip from her slip in Jersey City to her slip at the foot of 23d street, New York. The ferry-boat struck the port side of the schooner about at right angles, the schooner being, at the time, headed across the river, and the ferry-boat headed up the river.

The libel alleges that the schooner was bound to the foot of 31st street; that she commenced to take in sail, and, while lying with her head to the westward, the wind blowing a full sail breeze from the southwest, she became helpless, drifting with the tide, which was running ebb strong, and was in plain sight of the ferry-boat, it being daylight and the weather clear, and was run into by the ferry-boat; and that the collision was the fault of those in charge of the ferry-boat, in that, among other things, they did not keep a proper lookout, and did not stop and back the boat in time to avoid the schooner, which they could and should have done, and did not change the course of the boat, so as to pass under the stern of the schooner, which they could easily have done, and in otherwise improperly navigating.

The answer sets forth, that, when the ferry-boat was a short distance below 13th street, the pilot and others in charge of her, she then being to the eastward of the middle of the river, and heading up the river towards 23d street, sighted the schooner heading up the river, on a course nearly parallel with the shore and with the course of the ferry-boat, and somewhat ahead of the ferry-boat; that the same course was continued by both vessels until the schooner was nearly opposite the ferry slip at 23d street, the ferry-boat then being a short distance astern, and further out in the stream. heading for the ferry slip; that, when thus navigating, the schooner, without any warning, suddenly luffed up into the wind, heading on a course across the bows of the ferry-boat; that thereupon the engine of the ferry-boat was immediately stopped and reversed, with a view to avoid the collision which appeared imminent, but, notwithstanding every effort was made to avert a collision, the schooner came afoul of the ferry-boat, damaging the ferry-boat; that the ferry-boat was stopped and backed within as short a time as possible after the schooner had luffed up into the wind; and that the collision was the fault of those in charge of the schooner, in that they did not keep a proper lookout, and in that. without any warning or notice, they suddenly. threw their vessel into the wind

and across the bows of the ferry-boat, rendering the schooner helpless to protect herself, and in otherwise improperly navigating the schooner.

It is not denied by the libellants, that, with the wind southwest, and the tide strong ebb, and the schooner and the ferry-boat both going the same way, up the river, the schooner being ahead, and to the eastward of the ferry-boat, the schooner luffed up, so as to head nearly directly across the river, and across the course of the ferry-boat, and, in so doing, shot ahead, and reached the line of the course on which the ferry-boat was proceeding. But it is contended for the libellants, that the master of the schooner, who was at her helm, observed the ferry-boat before and when he starboarded his helm to luff, and that the ferry-boat was then so far off from the schooner in a direct line, that she could, by porting her helm. have gone under the schooner's stern, and avoided the schooner. It is insisted, for the libellants, that, as the libel, in its fourth article, avers that the collision was the result, in part, of the fact that the ferry-boat did not change her course, so as to pass under the stern of the schooner, which she could easily have done, and as the answer says nothing about the ferry-boat's having ported, when she saw the schooner luffing, but only says that thereupon the ferry-boat's engine was stopped and reversed, the court must, although the answer contains a general denial of the allegations in the fourth article of the libel, regard the answer as not denying the allegation of a failure to port, but only as denying that the collision was the result of such failure to port. This criticism is more nice than sound. The evidence is satisfactory to my mind, that the pilot of the ferry-boat, as soon as he saw the movement of the schooner to luff, ported his helm and stopped and reversed his engine with all practicable despatch, but was unable to clear the schooner. The schooner was clearly in fault in luffing and changing her course as she did. She did so suddenly, and when the ferry-boat had no reason to suppose she would do so, and she threw herself across the course on which the ferry-boat was proceeding. The schooner turned very sharply, and, having on good headway, shot ahead across the course of the ferry-boat, and, thus presenting herself broadside to the tide, was carried down with great rapidity upon the ferry-boat, before the ferry-boat could get out of her way, by the use of all the means at the command of the ferry-boat. The fault of the schooner being clear, the only question is whether the ferry-boat was guilty of any fault contributing to the collision. I do not think she was. She was not in any such proximity to the schooner as would have rendered a collision probable, if the schooner had kept her course. Yet she was so near as to make it a fault on the part of the schooner, with the wind and tide such as they were, and the speed and relative positions of the schooner and the ferry-boat such as they were, to luff and throw herself in such a position as to let the tide sweep her down upon the ferry-boat. The evidence is satisfactory, that the pilot of the ferry-boat saw the movement of the schooner to luff as soon as he ought to have seen it; that he immediately put his helm hard a-port, and rang to slow and stop and back, and then to hook on and back strong; that these bells were promptly obeyed; that the engine had made about six revolutions backward, when the vessels collided; and that the headway of the ferry-boat through the water was about stopped by that time. I can see no fault on the part of the ferry-boat, in view of the fault of the schooner, and must dismiss the libel, with costs.